IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ANNE H. LAMBORN, | * | |
| **Plaintiff** | * | Civil Action No. 1:24-cv-00757 |
| | * | |
| | * | |
| V. | * | |
| | * | |
| | * | |
| JENELLE MARIE ANDERSON | * | **DEMAND FOR JURY TRIAL** |
| HUEY, INDIVIDUALLY AND AS | * | |
| TRUSTEE OF THE RICKY | * | |
| CHARLES ANDERSON TRUST, | * | |
| CHARLES WILLIAM HUEY, AND | * | |
| JANIS ANN ANDERSON, | * | |
| **Defendants** | * | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff, Anne H. Lamborn ("Plaintiff" or "Lamborn" herein), in the above entitled-and numbered cause, brings this action against Defendants, Jenelle Marie Anderson Huey, Individually and as Trustee of the Ricky Charles Anderson Trust ("Anderson Trust" herein), Charles William Huey, and Janis Ann Anderson (collectively "Defendants"), and will show the Court as follows:

1

# I.
# PARTIES AND SERVICE

1. Plaintiff, Anne H. Lamborn, is a natural person who resides in California.

2. Defendant, Jenelle Marie Anderson Huey, Individually and as Trustee of the Ricky Charles Anderson Trust, is a natural person who resides in Texas, and who may be served with citation at 22304 Coyote Cave Trail, Spicewood TX 78669.

3. Defendant, Charles William Huey, is a natural person who resides in Texas, and may be served with citation at 22304 Coyote Cave Trail, Spicewood TX 78669.

4. Defendant, Janis Ann Anderson, is a natural person who resides in Texas and may be served with citation at 5716 W Highway 290, Suite 103, Austin Texas 78735.

# II.
# JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity between the Plaintiff, a California resident/citizen, and the Defendants, residents/citizens of Texas. Moreover, the amount of controversy is greater than $75,000.00 as the object of the controversy is real property with a value of over $200,000.00.

6. Venue is proper in the United States District Court for the Western District of Texas, Austin Division, under 28 U.S.C. § 1391(b)(1) and (b)(2) because the Defendants all reside in Texas and all or a substantial part of the events/omissions relate to transfers of real property located in this district.

2

## SYNOPSIS

7.  Lamborn, a judgment creditor, seeks a judicial determination that her judgment lien attached to a certain tract of real property. The lawsuit also seeks relief under the Texas Uniform Fraudulent Transfer Act (TUFTA" herein as per Tex. Bus. & Com. Code § 24.001 et seq.) regarding the transfer of real property.

## III.
## FACTS

8.  On or about September 22, 2017, Lamborn obtained a judgment ("Judgment" herein) against Rick Anderson a/k/a Ricky C. Anderson following a lengthy litigation proceeding in Travis County District Court in cause #D-1-GN-11-000636 [Exhibit A]. On or about September 25, 2017, Lamborn abstracted the judgment ("Judgment Lien" herein) in the Travis County Official Public Records [Exhibit B].

9.  Central to this complaint is a tract of real property ("Property" herein) owned by Rick Anderson and his spouse since 2014, and otherwise known as Lot 4, Block E, of Hazy Hills Ranchettes, a subdivision in Travis County, Texas, according to the map or plat of record in Volume 53, Page 74, of the Plat Record of Travis County, Texas [Exhibit C].

10.  The essential facts for this complaint can be divided into two time periods:

   FACT PATTERN ONE - facts from 2017 to 2019

   FACT PATTERN TWO - facts from 2020 to 2022

## FACT PATTERN ONE
## [FORECLOSURE PROCEEDING]

11. Sometime in 2017, almost immediately after the date of entry of the Judgment, Lamborn has information and belief that Rick Anderson undertook a series of steps to extinguish the Judgment Lien from the Property:

> A) On or about January 8, 2018, Rick Anderson and his spouse executed a deed purporting to transfer their interest in the Property to John Pleuthner, Trustee of the Janis Ann Anderson Trust [Exhibit D];
>
> B) On or about October 8, 2018, the holder of a prior deed of trust on the Property, Self-Directed IRS Services, Inc., assigned the deed of trust to Cummings Service Corporation, Inc. [Exhibit E] (the assignment also references "John Pleuthner," the same Trustee of the Janis Ann Anderson Trust);
>
> C) On or about November 6, 2018, under dubious circumstances, Cummings Service Corporation, Inc. initiated a foreclosure and purchased the Property via a trustee's deed [Exhibit F];
>
> D) Thereafter, on or about January 28, 2019, Cummings Service Corporation, Inc., conveyed the Property to Andrew Cummings [Exhibit G].

## FACT PATTERN TWO
## [ATTACHMENT OF JUDGMENT LIEN TO LOT C]

12. On or about August 2020, Andrew Cummings subdivided the Property into four distinct lots (Lot A, Lot B, Lot C and Lot D) [EXHIBIT H].

13. On or about July 16, 2021, Andrew Cummings reconveyed his interest in Lot C of the Property to Rick Anderson, the original owner (Fact Pattern One) prior to the foreclosure [Exhibit I].

14. Lamborn has information and belief that Lot C (unimproved lot) was not the homestead of Rick Anderson at the time of the re-conveyance. Therefore, the Judgment Lien would have immediately attached to Lot C in accordance with § 52.001 of the Texas Property Code.

15. On about March 28, 2022, Rick Anderson next conveyed Lot C to his daughter and son in law, Jenelle Anderson Huey, and Charles William Huey [Exhibit J]. Consequently, the Judgment Lien continued to encumber Lot C.

**Correction Deed**

16.  On or about April 5, 2022, Rick Anderson and Andrew Cummings filed a correction deed ("Correction Deed") [Exhibit K].

17.  According to the recitals in the Correction Deed, Andrew Cummings incorrectly transferred Lot C to Rick Anderson in the prior conveyance [Exhibit I]. Therefore, according to the recitals in the Correction Deed, Lot C should have been conveyed to Jenelle Marie Anderson Huey, as Trustee of the Ricky Charles Anderson Trust [Exhibit K].

18.  Lamborn has information and belief that the Correction Deed was invalid as per § 5.028 and § 5.029 of the Texas Property Code. As a starting point, the considerable passage of time of nearly nine months from the initial conveyance of July 6, 2021 [Exhibit I] to the Correction Deed [Exhibit K] suggests there was no error in the initial grantee names.

19.  Lamborn further alleges that because Rick Anderson had only two weeks earlier conveyed Lot C to his daughter/Jenelle [Exhibit K], such conduct belies any claim of error as recited in the Correction Deed. Indeed, if the original conveyance vesting title in Rick Anderson was a mistake [Exhibit I], Rick Anderson would instead have reconveyed Lot C directly to the Anderson Trust instead of his daughter.

20. Consequently, Lamborn has information and belief that the Correction Deed was not the result of any prior error in the original vesting deed to Rick Anderson [Exhibit I]. Instead, Lamborn alleges that the Correction Deed was an after the fact undertaking by Rick Anderson to circumvent the Judgment Lien once he realized the Judgment Lien reattached to Lot C of the Property.

### Correction Deed is Subject to Judgment Lien

21. In the alternative, even if the Correction Deed were valid, Lamborn alleges that she was a creditor without notice of the Correction Deed at the time that her Judgment Lien attached to Lot C (on or about July 21, 2021 at the time of the recording of Exhibit I). Therefore, as per § 5.030 (c) of the Texas Property Code, the Judgment Lien was/is valid and enforceable in accordance with § 52.001 of the Texas Property Code.

### JANIS ANN ANDERSON IS AN INDISPENSABLE PARTY

22. Lamborn has information and belief that Janis Ann Anderson is an indispensable party to the extent that she claims any interest in the Property by virtue of her being the spouse of Rick Anderson at the time of the subject conveyances that are the basis of the lawsuit.

## IV.
## CAUSES OF ACTION

### A.	DECLARATORY RELIEF

23. Lamborn incorporates all facts as alleged in the foregoing paragraphs.

24. Lamborn prays that, pursuant to 28 U.S.C. §2201 and §2202 and Fed. R. Civ. P. 57, the Court declare as follows:

a) Lot C was not the homestead of Rick Anderson at the time of the 2021 conveyance from Andrew Cummings to Rick Anderson (Exhibit I);

b) The Judgment Lien attached to Lot C on or about July 21, 2021 (at the time of the recording of Exhibit I). Therefore, the Judgment Lien was valid and enforceable as per § 52.001 of the Texas Property Code;

c) The Correction Deed is invalid because of noncompliance with sections § 5.028 and § 5.029 of the Texas Property Code;

d) In the alternative, even if the Correction Deed is valid, the Correction Deed is subject to a valid Judgment Lien on Lot C for the full amount of the Judgment in accordance with § 5.030 (c) of the Texas Property Code (Lamborn had no notice of the Correction Deed at the time her Judgment Lien attached to Lot C on or about July 21, 2021).

25. Lamborn alleges that considering the conflict between Exhibits I, J and the Correction Deed/ Exhibit K, there is an actual controversy between Lamborn and the Defendants. Moreover, Lamborn believes that the Court has independent jurisdiction under 28 U.S.C. § 1332 with the authority and discretion to grant declaratory relief. (*Orix Credit All., Inc. v. Wolfe,* 212 F.3d 891, 895 (5th Cir. 2000)).

## B. FRAUDULENT TRANSFER

26. Lamborn incorporates all facts as alleged in the foregoing paragraphs.

27. Lamborn alleges that the a) conveyance from Rick Anderson to Jenelle and Charles Huey (Exhibit J) and the subsequent b) Correction Deed (Exhibit K) transferring title to the Anderson Trust were both fraudulent transfers under The Texas Uniform Fraudulent Transfer Act per Tex. Bus. & Com. Code § 24.001 et seq.

28. Lamborn alleges that both foregoing transfers (Exhibits J and K) were made without the receipt of reasonable equivalent value. Moreover, at the time of the transfer, the remaining assets of Rick Anderson were unreasonably small or thereafter became unreasonable small in relation to the transfers. Lamborn also alleges that at the time of the transfers Rick Anderson was either insolvent or became insolvent as result of the foregoing transfers.

9

29. Lamborn alleges that the Correction Deed (Exhibit K) was also a "transfer" pursuant to Tex. Bus. & Com. Code § 24.002 (12) to the extent that Rick Anderson facilitated the transfer of Lot C to the Anderson Trust. The definition of "transfer" under § 24.002 (12) is broad and includes direct and "indirect" means to dispose of an asset.

30. Lamborn alleges that both foregoing transfers (Exhibits J and K) were done with the intent to delay, hinder, and defraud Lamborn, a judgment creditor. Lamborn further alleges that the following facts further support "actual intent" as per §24.005 (a) of the TUFTA (non-exhaustive):

a) Jenelle Huey, Individually and as Trustee of the Anderson Trust, was an insider and likely beneficiary of the Anderson Trust;

b) Rick Anderson began transferring assets almost immediately after the Judgment and engaged in ongoing conduct to circumvent the Judgment of Lamborn;

c) Lamborn alleges that because of the transfers, the remaining assets of Rick Anderson was unreasonably small and/or he became insolvent because of the transfers;

d) The Correction Deed and Anderson Trust are indicative of efforts to conceal assets from Lamborn;

e) The Defendants in Exhibits J & K did not acquire Lot C in good faith.

31. As Lamborn already had a Judgment and Judgment Lien prior to the foregoing transfers, Lamborn was a creditor under Tex. Bus. & Com. Code § 24.002 (4).

32. Pursuant to Tex. Bus. & Com. Code § 24.008 (a)(2) and (3), Lamborn seeks the remedy of attachment to Lot C and/or injunctive relief preventing the further transfer of Lot C and/or the appointment of a receiver and/or any other relief as the circumstances may require, including and not limited to actual damages.

33. Lamborn alleges that she was neither aware of the foregoing transfers nor could they have reasonably been discoverable until immediately before the filing of this complaint.

### ATTORNEY'S FEES

34. Lamborn prays that the Court award her reasonable attorneys' fees against Defendants as per Tex. Bus. & Com. Code Ann. § 24.013 under the UFTA.

35. This request for attorneys' fees includes all fees necessary in the event of an appeal of this cause, as the Court deems equitable and just.

# V.
# PRAYER

WHEREFORE, Plaintiff, Anne H. Lamborn, prays that Defendants, Jenelle Marie Anderson Huey, Individually and as Trustee of the Ricky Charles Anderson Trust, Charles William Huey, and Janis Ann Anderson, be cited to appear and answer, and that the Court order the following:

1. The Court declare that the full amount of the Judgment Lien of Lamborn attached to Lot C of the Property at the time of the conveyance to Ricky Anderson in July 2021 and remains valid and enforceable;

2. In the alternative, in the event the Court finds the Correction Deed to be valid, the Court find that the Correction Deed be subject to the full amount of the Judgment Lien in accordance with § 5.030(c) of the Texas Property Code and any other legal and/or equitable basis;

3. The Court declare the conveyance from Rick Anderson to Jenelle and Charles Huey (Exhibit J) and the Correction Deed (Exhibit K) were both fraudulent transfers under The Texas Uniform Fraudulent Transfer Act;

4. The Court order that the full amount of the Judgment and Judgment Lien attaches to Lot C as a remedy under the Texas Uniform Fraudulent Transfer Act; and/or the Court issue injunctive relief preventing the further transfer of Lot C; and/or the Court appoint a receiver; and/or award any other relief as the circumstances may require;

5. The Court enters judgment in favor of Lamborn against the Defendants, jointly and severally, within the jurisdictional limits of this Court for damages, attorneys' fees, pre-judgment, and post-judgment interest, and for such other and further relief as may be just and proper.

Respectfully submitted,

/s/Brent A. Devere
Brent A. Devere
SBN #00789256
1411 West Avenue, Suite #200
Austin, Texas 78701
Tel. 512-457-8080   Fax. 512-457-8060
Email: BDevere@1411west.com
Attorney for Plaintiff

*Anne H. Lamborn*